No. 26-1406

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

_____

**JUSTYNA JENSEN,**

**Plaintiff-Appellee,**

**v.**

**RHODE ISLAND CANNABIS CONTROL COMMISSION; KIMBERLY AHERN, in the official capacity,**

**Defendants-Appellants.**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
C.A. No. 1:24-cv-00191-MRD-LDA**

---

**DEFENDANTS-APPELLANTS' MOTION TO STAY APPELLATE PROCEEDINGS PENDING THE DISTRICT COURT'S RESOLUTION OF THEIR MOTION FOR AN INDICATIVE RULING UNDER RULE 62.1**

---

Now come Defendants-Appellants, Rhode Island Cannabis Control Commission and Michelle Reddish, in the official capacity only ("Defendants"),[1]

---

[1] Kimberly Ahern's tenure as Chairperson of the Rhode Island Cannabis Control Commission ended on October 21, 2025. *See* https://governor.ri.gov/press-releases/governor-mckee-announceschairperson-kim-ahern-conclude-tenure-rhode-island-cannabis (Oct. 21, 2025). On June 11, 2026, Michelle Reddish was confirmed as the new Chairperson and should be automatically substituted for former Chairperson Ahern pursuant to Federal Rule of Appellate Procedure 43(c). *See*

1

and hereby respectfully request that this Court enter an order staying this appeal, and tolling Defendants' deadline[2] to file their Brief and Appendix, until the District Court rules on Defendants' recently filed motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 (hereinafter, the "Rule 62.1 Motion"). *See* 1:24-cv-00191-MRD-LDA, ECF 50, attached as Exhibit A.  As described further below, on June 10, 2026, Rhode Island Senate Bill S3313 was signed into law, materially amending Rhode Island's cannabis licensing statute and removing all the provisions that were deemed likely unconstitutional by the District Court and that were the subject of the preliminary injunction being challenged in this appeal.  Defendants believe it patently clear that this amendment of the statute effectively moots the preliminary injunction (and by extension, this appeal), but are seeking confirmation of that from the District Court. Accordingly, Defendants respectfully request a stay to permit the District Court to issue an indicative ruling, which Defendants believe will very likely result in the mooting and voluntary dismissal of this appeal.

After the District Court issued a preliminary injunction in April 2026 against enforcement of certain provisions in the Rhode Island Cannabis Act setting out the

---

https://pbn.com/r-i-senate-confirms-new-cannabis-control-commission-chair/ (June 12, 2026).

[2] Defendants' initial deadline to file their Brief and Appendix was June 23, 2026; on June 12, 2026, Defendants filed their first request for a thirty (30) day extension of time, up to and including July 23, 2026, to file their Brief and Appendix. Currently, that motion for an extension of time is still pending.

necessary qualifications for adult-use retail cannabis licenses, the Rhode Island General Assembly subsequently passed legislation materially amending the Rhode Island Cannabis Act, including all of the specific provisions that were the subject of the preliminary injunction that is now on appeal before this Court. *See* Senate Bill S3313, attached as Exhibit B. Specifically, the amended law completely removed the partial Rhode Island residency requirement and certain social equity provisions that the District Court concluded were likely unconstitutional pursuant to the dormant Commerce Clause and Equal Protection Clause. The amended statute also officially nullified all license applications that were previously submitted under the pre-amendment provisions of the Rhode Island Cannabis Act and nullified all Commission regulations to the extent that they are inconsistent with the new statutory amendments. *See id.* at pages 23-25. The statute provides for a new licensing and application process to be carried out pursuant to the new, amended statute and directs the Commission to begin that new application process within 60 days of when the legislation became effective. That legislation, which took effect upon passage, was officially signed into law by Governor Daniel J. McKee on June 10, 2026. *See* https://files.constantcontact.com/95de6620601/3eecdff4-8277-4bed-ace3-e11eb837dcb0.pdf.

Pursuant to Rule 62.1, on June 26, 2026, Defendants filed in the District Court an Expedited Motion to Dissolve the Preliminary Injunction and For Indicative

3

Ruling Under Rule 62.1. *See* Ex. A. Defendants' Motion asks the District Court to dissolve the preliminary injunction in light of these materially changed circumstances and/or confirm that the preliminary injunction is moot and has no effect on the Commission moving forward with a new licensing and application process under the newly amended statute. Given that this appeal limits the District Court's jurisdiction regarding the preliminary injunction, Defendants asked the District Court to issue an indicative ruling pursuant to Rule 62.1 stating that, if remanded from this Court, the District Court would dissolve the preliminary injunction that is the subject of this appeal and/or confirm it is moot and has no effect on the new licensing and application process. *See id.*

In the hopes of being able to present an assented-to request to the District Court as promptly as possible, counsel for Defendants emailed Plaintiff's counsel on June 12, 2026 (two days after the amended provisions were signed into law) regarding the Defendants' intent to seek dissolution of the preliminary injunction based on the amended law and inquiring whether Plaintiff would assent; Plaintiff's counsel indicated that he would review and respond. Having not received a substantive response as of June 23, 2026, counsel for Defendants followed up again on that date, and later that day received a communication from Plaintiff's counsel refusing to assent, but not providing any explanation or reasoning as to why Plaintiff

believes the preliminary injunction is not moot.[3]  Although Defendants believe it is patently clear that the new amendments render the preliminary injunction moot, Plaintiff's refusal to assent to its dissolution reinforces why Defendants believe an indicative ruling and confirmation from the District Court is prudent to obtain before potentially taking any action voluntarily dismissing this appeal. If the District Court issues an indicative ruling that the District Court would grant Defendants' motion, then Defendants would promptly notify this Court and seek remand for the purpose of permitting the District Court to formally rule.  Then, if the District Court rules that the preliminary injunction that is the subject of this appeal is dissolved and/or moot and without effect as to the amended statute, Defendants would promptly notify this Court and voluntarily dismiss this appeal.

Granting the requested stay would promote the potential conservation of judicial and party resources by allowing time for the District Court to issue a ruling that would very likely obviate any need for further proceedings in this appeal. *See*

---

[3] Plaintiff has not alleged, either in her Complaint or elsewhere, any claims or constitutional issues with the amended statute or the new licensing and application process set forth therein. It is difficult to imagine how Plaintiff could have any claims against the amended law and process as the amendments remove each of the previously challenged features of the law. In any event, even if Plaintiff wished to bring new claims or allegations regarding the current version of the law and the current application process, she would need to amend her Complaint and file a new request for an injunction based on these materially new facts and law. There is absolutely no legal or factual basis to maintain the prior preliminary injunction that is based on and enjoins a dead law.

*New York v. McMahon*, No. 25-1495, 2025 WL 3451815, at *1 (1st Cir. Sept. 15, 2025) (resolving "consolidated appeals from an order granting a preliminary injunction" through the indicative ruling mechanism provided by Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1).

Federal courts "possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.,* 965 F.2d 1148, 1154–55 (1st Cir. 1992). This inherent power allows courts to "'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Comms. Co.,* 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)) (federal courts have inherent power to stay litigation). Courts, therefore, have "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997), whenever there is "good cause for their issuance," so long as the stay is "reasonable in duration," and not indefinite. *Marquis*, 965 F.2d at 1155.

Good cause for a stay exists here because a stay of appellate proceedings will allow time for the District Court to potentially issue an indicative ruling that would have the effect of fully resolving this appeal without the need for briefing or substantive proceedings before this Court. For the reasons set forth more fully in Defendants' Rule 62.1 Motion, the preliminary injunction that is the subject of this appeal should be dissolved because it is now essentially moot, is no longer necessary

6

to prevent Plaintiff from suffering irreparable harm, and because the balance of the equities and public interest favor promptly removing any potential cloud on the Defendants' ability to proceed with a new licensing application process under the statutory amendments—which would benefit all potential license applicants, including Plaintiff. Additionally, the requested stay is not indefinite but instead "reasonable in duration," as the Defendants will promptly inform this Court once the District Court issues a decision on their Rule 62.1 Motion. *Marquis*, 965 F.2d at 1155. Defendants anticipate that the duration of the stay would not be long as Defendants' motion requested that the District Court consider it on an expedited basis, both because of the pendency of this appeal and to provide clarity in advance of the new licensing and application process provided for in the amended statute.

Accordingly, Defendants respectfully request that this Court enter an order staying this appeal and tolling Defendants' deadline to file their Brief and Appendix until the District Court rules on Defendants' Rule 62.1 Motion.[4]

---

[4] If the District Court issues an indicative ruling that it would grant Defendants' motion to dissolve, Defendants request that the stay remain in place while they promptly proceed through the process outlined in Rule 62.1. If the District Court denies the motion, then Defendants request that their deadline to file a brief in this appeal be set to 30 days after the District Court so rules.

Respectfully Submitted,

Rhode Island Cannabis Control Commission
and Kimberly Ahern, in the official capacity

By:
**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Jeff Kidd*
Jeff Kidd (Bar No. 1205262)
Patrick Reynolds (Bar No. 1211092)
Special Assistant Attorneys General
Office of the Attorney General
150 South Main St.
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2225
Fax: (401) 222-2995
jkidd@riag.ri.gov
preynolds@riag.ri.gov

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ✓ **this document contains <u>1,579</u> words.**

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ✓ This document has been prepared using Microsoft Word in a proportionally spaced typeface in size 14 Times New Roman font.

*/s/ Jeff Kidd*

8

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on June 29, 2026, I filed and served the herein document through the electronic filing system on the attorney of record. The herein document electronically filed and served is available for viewing and/or downloading from the ECF Filing System.

*/s/ Jeff Kidd*